IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD L. PARKER, | § | |
| | § | No. 91, 2026 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S25C-11-003 |
| EZEL ZACHERY and LESLIE | § | |
| ZACHERY, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

This 23rd day of April 2026, it appears to the Court that:

(1)    After consideration of the opening brief and the record on appeal, we conclude that the Superior Court's order dismissing appellant Donald L. Parker's complaint should be affirmed *sua sponte*.[1] The court reviewed Parker's initial complaint under 10 *Del. C.* § 8803(b) and determined that the matter could not proceed until Parker filed an amended complaint from which the court and the defendants could discern what claims Parker was asserting against the defendants. Parker then filed a "constitutional verified complaint" alleging that the court was

---

[1] *See* DEL. SUPR. CT. R. 25(c) ("After filing of the appellant's opening brief, a panel of the Court by unanimous action may, *sua sponte*, enter an order or opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the appellant's opening brief that the appeal is without merit . . . .").

obstructing justice. That filing did not state any facts or claims against the defendants. In an order dated December 23, 2025, the court gave Parker another opportunity to file an amended complaint. On January 23, 2026, Parker filed an "Answer" to the court's orders. Finding that Parker's filing again did not "state valid, clear claims against the defendants" and that it was "not possible to read the complaint and understand what plaintiff is alleging against defendants and why they might be liable to him," the court dismissed the action without prejudice.

(2)     In his opening brief on appeal, Parker asserts that he complied with the procedural requirements for filing, the Superior Court did not afford his pleading appropriate lenience as a self-represented litigant, and the dismissal violated his constitutional right to file a civil suit. It is manifest from Parker's opening brief that Parker's arguments are without merit. Although the Delaware courts afford self-represented litigants a measure of leniency, "[at] the very least, a complaint must contain a short and plain statement of the claim that gives a defendant a fair notice of what the claim is and the facts upon which it rests."[2] The Superior Court gave Parker several opportunities to file such a complaint and then dismissed the action when he failed to do so. Moreover, the dismissal was without prejudice, so Parker still has an opportunity to file an appropriate complaint. We find no reversible error and conclude that the Superior Court's order should be affirmed.

---

[2] *Alston v. Administrative Office of the Courts*, 2018 WL 1080606, at *1 (Del. Feb. 23, 2018).

NOW, THEREFORE, IT IS ORDERED that judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice